IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

**DEC 2 7 2011**

J.T. NOBLIN, CLERK
BY_____ DEPUTY

THE ESTATE OF JAMES MACK ALLEN,
By and through its Administrator, JOHN DUDNEY                    **PLAINTIFF**

**VERSUS**                                   CIVIL ACTION NO.: 1:11cv510 LG-JmR

HARRISON COUNTY MISSISSIPPI
HARRISON COUNTY SHERIFF'S DEPARTMENT,
SHERIFF MELVIN BRISOLARA, individually and in his
official capacity, DR. DON CABANA, Warden, individually
and in his official capacity, CAPTAIN PHIL TAYLOR, individually
and in his official capacity, CAPTAIN BILL MARKOPOULAS,
individually and in his official capacity, the AMERICAN
CORRECTIONAL ASSOCIATION, HEALTH ASSURANCE LLC,
and UNKNOWN JOHN AND JANE DOES                    **DEFENDANTS**

# COMPLAINT
## (THE PLAINTIFF DEMANDS A TRIAL BY JURY)

**COMES NOW**, the Plaintiff, by and through his attorney of record, Michael W. Crosby,

and files this Complaint against the Defendants and states, avers and gives notice of the

following:

## PRELIMINARY STATEMENT

1.      This is a civil action seeking damages against Defendants for committing acts under color

of law and depriving JAMES MACK ALLEN of civil rights secured by the constitution and laws

of the United States and of America.  Defendants, while acting in their capacities as sheriff

deputies for the Harrison County Sheriff's Department were negligent and acted with deliberate

indifference in failing to prevent JAMES ALLEN's suicide and deprived JAMES ALLEN of his

life and liberty without due process of law, thereby depriving JAMES ALLEN of his rights,

privileges and immunities as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the

1

Constitution of the United States and violating his rights pursuant to 42. U.S.C. Sections 1983.

It is on behalf of the Estate of James Mack Allen, and the beneficiaries thereto, that the

Administrator of the Estate of James Mack Allen, files this action and prays for the relief set

forth herein.

**JURISDICTION**

2.      The Plaintiff herein invokes the federal question jurisdiction of this Honorable Court

pursuant to 28 U.S.C. Sections 1331 and 1343 to obtain a judgment for the costs of suit,

including reasonable attorney's fees, and damages suffered and sustained by the Deceased,

James Mack Allen, and caused by the Defendants' negligence, deliberate indifference, and

violation of the rights, privileges and immunities of the Deceased, James Mack Allen, as

guaranteed by the Eighth and Fourteen Amendments to the Constitution of the United States and

by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, and 1988.

Additionally, the Plaintiff's action for declaratory relief is authorized pursuant to 28 U.S.C.

Sections 2201 and 2202.

**VENUE**

3.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. Section 1391(b) because a

substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial

district and division.

**PARTIES**

4.      The Plaintiff is the Estate of James Mack Allen, Deceased.  The suit is brought by its

duly appointed Administrator, John Dudney, brother of the Deceased.  At the time of his death,

the Deceased, James Mack Allen, was a citizen of the United States of America and the State of

Mississippi wherein he resided in Harrison County, First Judicial District.  The injuries inflicted

2

upon the Deceased were done while he was being held on an auto burglary charge in the

Harrison County Adult Detention Center in Gulfport, Mississippi, while the Center was under

the supervision and control of the Defendant, Harrison County, Sheriff Melvin Brisolara and

Warden Don Cabana.

5.      The Defendant, Harrison County, Mississippi, is a political subdivision of the State of

Mississippi and is the entity responsible for the oversight and funding of the Harrison County

Sheriff and the Harrison County Sheriff's Department.  This Defendant may be served with

process by effecting the same upon the president of the Board of Supervisors, Ms. Connie

Rocko, and/or the Chancery Clerk for Harrison County, Mississippi, Mr. John McAdams, at the

Harrison County Courthouse in Gulfport, Mississippi.

6.      The Defendant, the Harrison County Sheriff's Department, is a political entity, agency

and/or political subdivision of Harrison County, Mississippi, organized to provide security and

safety to and for the citizens of Harrison County, Mississippi.  This Defendant may be served

with lawful process by serving Sheriff Melvin Brisolara, or his designee, at the Harrison County

Courthouse in Gulfport, Mississippi or at the Harrison County Adult Detention Center at 10451

Larkin Smith Drive, Gulfport, Mississippi.

7.      The Defendant, Melvin Brisolara, is an adult resident citizen of Harrison County,

Mississippi, First Judicial District.  At all times material hereto this Defendant was the duly

elected Sheriff of Harrison County, Mississippi, vested with the responsibility and authority to

hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or

otherwise implemented and to provide protection to the citizens of Harrison County, Mississippi,

to include the Deceased, James Mack Allen, by and on behalf of the Defendant, Harrison

County, Mississippi.  This Defendant is sued in his official and his individual capacities.  He

may be served with lawful process at the Harrison County Courthouse in Gulfport, Mississippi, or by effecting service upon his duly authorized designee, at the Harrison County Courthouse in Gulfport, Mississippi, or at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

**8.**      The Defendant, Don Cabana, Warden, is an adult resident citizen of Harrison County, Mississippi.  He is sued in his official and individual capacities.  At all times material hereto, he was employed by the Defendants, Harrison County, Mississippi, Sheriff Melvin Brisolara and/or the Harrison County Sheriff's Department.  He was directly responsible for overseeing the administration of the Harrison County Adult Detention Center, developing, implementing and enforcing policies and procedures regarding the conduct of officers, their training, hiring and firing, the handling and/or processing of persons being detained or housed, and for protecting the rights, privileges and immunities of every person in the custody of the Harrison County Adult Detention Center.  He may be service with lawful process at his place of employment, the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

**9.**      The Defendant, Captain Phil Taylor, Deputy Warden, is an adult resident citizen of Harrison County, Mississippi.  He is sued in his official and individual capacities.  At all times material hereto, he was employed by the Defendants, Harrison County, Mississippi, Sheriff Melvin Brisolara and/or the Harrison County Sheriff's Department, and he was in charge of the training provided to the members of the Harrison County Sheriff's Department.  He may be served with lawful process at his place of employment, the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

**10.**      The Defendant, Captain Bill Markopoulas, is an adult resident citizen of Harrison County, Mississippi.  He is sued in his official and individual capacities.  At all times material

hereto, he was employed by the Defendants, Harrison County, Mississippi, Sheriff Melvin

Brisolara and/or the Harrison County Sheriff's Department.  He is the director of the Harrison

County Law Enforcement Training Academy and may be served with lawful process at his place

of employment, the Harrison County Law Enforcement Academy at the Mississippi Air National

Guard Combat Readiness Training Center in Gulfport, Mississippi.

**11.**     The Defendant, the American Correctional Association (ACA) is a national association

that is incorporated in the State of Delaware.  The ACA's goal, in exchange for a fee, is to assess

a correctional facility's training, standards, policies and procedures and to provide acceptable

polices, standards, training and procedures in an effort to make a "good faith effort to improve

conditions of confinement" of persons detained in one of their accredited facilities such as the

Harrison County Adult Detention Center.  The ACA may be served with lawful process by

effecting the same upon its Executive Director, James A. Goudles, Jr., or its President,

Gwendolyn C. Chunn, at 4380 Forbes Boulevard, Lanham, Maryland  20706-4322.

**12.**     The Defendant, Health Assurance LLC was at all times material hereto the contract

medical provider by Harrison County, Mississippi, to provide medical services or assistance to

detainees at the Harrison County Adult Detention Center.  This Defendant is a domestic

corporate entity with its principal place of business located at 5903 Ridgewood Road, Suite 320,

Jackson, Mississippi.  It may be served with process through its registered agent, Melvin Priester

at 371 Edgewood Terrace Drive, Jackson, Mississippi  39206.

**13.**     The Defendants, Unknown John and Jane Does, identities are not known to the Plaintiff

at this time, but are believed to be deputies/guards at the Harrison County Adult Detention

Center who were in control of the suicidal watch of inmates.  Further additional unknown

Defendants are believed to be various medical personnel employed by Harrison County and/or

5

the Harrison County Sheriff's Department and/or Health Assurance, LLC. The true identities of

these and identities of others are unknown at this time, and it is believed that they are adult

resident citizens of Harrison County, Mississippi, and through the discovery process, it is further

believed that their true and accurate identities will become known and, at that time, Plaintiff will

seek leave of this Honorable Court to amend his Complaint and to specifically name the

unknown persons as Defendants to this action and serve them with process of law for wrongs

committed and violations against the rights, privileges and immunities of the Deceased, James

Mack Allen, all of which are alleged to have been committed in their official and individual

capacities, as employees of Harrison County, Mississippi, Sheriff Melvin Brisolara, the Harrison

County Sheriff's Department, Health Assurance, LLC, the ACA and/or other individuals acting

in concert with such person, persons or state entities named as Defendants herein or who may be

discovered to have acted in a manner detrimental to the rights, privileges and immunities of the

Deceased, James Mack Allen.

## STATEMENT OF FACTS

**14.**     On December 23, 2008, James Mack Allen, age 17, was booked at the Harrison County

Adult Detention Center on an auto burglary charge. He was later transferred to the medical unit

for treatment of self-inflicted wounds. Due to this attempt to take his own life, he was moved to

an isolation room and placed under suicide watch. While under suicide watch, an inmate is

typically checked on every fifteen to twenty minutes. There was a seventeen minute lapse in

time between checks on James Allen; it was between these checks that he took his own life.

**15.**     An inmate placed on suicide watch is provided with a "suicide gown", a "suicide sheet"

and a pair of flip-flops. None of these items can assist a person commit suicide; in fact, the

gown and the sheet are made of a disposable material which would tear apart if a person attempted to make a noose.

16.     On December 24, 2008, James somehow obtained possession of a bed sheet and hung himself. It is unclear exactly how that happened, but Sheriff Brisolara indicated that an inmate in the medical unit possibly gave the sheet to James. In any event, it is deliberate indifference and negligence on behalf of the deputies and other personnel at the Harrison County Adult Detention Center to be unaware of items in the possession of an inmate under suicide watch. It is even more difficult to understand how James was able to leave a suicide note, if he was provided only with the items allowed for suicidal inmates, as described above.

17.     An investigation ensued and the information was later submitted to the Grand Jury of Harrison County. While the Grand Jury found no criminal conduct, they did in fact find that the officers monitoring the inmates under suicide watch needed specialized training, and the facility needed surveillance equipment to properly monitor those inmates.

18.     As a result of the negligence and deliberate indifference of the Defendants, and their failure to properly monitor and provide medical treatment for the Plaintiff and by negligently allowing James to gain possession of materials restricted from inmates placed under suicide watch, James committed suicide. Defendants herein were aware of his suicidal ideations and negligently failed to maintain proper supervision and control of his actions.

19.     By means of Defendants' failure to provide proper medical attention and failure to proper monitor James and for their negligence and deliberate indifference to identifiable human needs, Defendants deprived Plaintiff of his life and liberty without due process of law, in violation of the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. Sections 1983.

## COUNT I
## ACTION FOR DEPRIVATION OF CIVIL RIGHTS
## PURSUANT TO 42 U.S.C. 1983

**20.**     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in

the foregoing paragraphs.

**21.**     At all times material hereto, the Defendant were vested with the state authority and the

non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of

the United States of America.  Consequently, while acting under color of law, the Defendants

commenced to engage in a course of conduct and to implement a policy, custom, usage, plan or

practice wherein the rights, privileges or immunities of the Deceased, James Mack Allen, were

violated.  Specifically, the Defendants, jointly and severally, engaged in a course of conduct that

resulted in the violation of the Deceased's, James Mack Allen, right to the equal protection of the

laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution

of the United States of America, the right to procedural and substantive due process of the law

pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of

America, and the right against cruel and unusual punishment as set forth in the Eighth

Amendment to the Constitution of the United States of America.  The violations complained of

in this Complaint included, but are not limited to, deprivation of identifiable civil rights, i.e., life,

liberty and/or property, the negligent, unnecessary and wanton infliction of mental and emotional

harm, pain, humiliation and/or injury, and thereafter, and evidence to a deliberate indifference to

the immediate, grave and serious medical needs of the Deceased, James Mack Allen, all of which

caused or contributed to his death on December 24, 2008.

**22.**     As a direct and proximate consequence of the Defendants' actions, the Deceased, James

Mack Allen, was deprived of certain rights, privileges and immunities secured by the

Constitution of the United States of America and the laws of this Nation.  Specifically, the

Deceased's, James Mack Allen, Fifth and Fourteenth Amendment rights to procedural and

substantive due process and to the equal protection of the laws were violated by the Defendants,

together with his Eighth Amendment right to proscribing cruel and unusual punishment.

23.     At all times hereto, the Defendants, Harrison County, Mississippi, Sheriff Melvin

Brisolara, the Harrison County Sheriff's Department, Dr. Don Cabana and their agents,

representatives, and employees acted pursuant to the policies, regulations, and decisions

officially adopted or promulgated by those persons whose acts may fairly be said to represent

official policy of or were pursuant to a governmental custom, usage or practice of the

Defendants, Harrison County, Mississippi, the Harrison County Sheriff's Department and/or

Sheriff Melvin Brisolara.

24.     It is further averred that the Defendants Sheriff Melvin Brisolara and Dr. Don Cabana

were the governmental officials whose edicts or acts may fairly be said to represent official

policy, practices, customs or regulations of the Defendants, Harrison County, Mississippi and the

Harrison County Sheriff's Department.  The aforementioned Defendants collectively and

individually developed, planned and implemented the policy, custom and/or usage that resulted

in and caused the death of the Deceased, James Mack Allen.

25.     As a direct and proximate consequence of the Defendants' conduct wherein such

Defendants deprived the Deceased, James Mack Allen, of certain rights guaranteed by the

Constituition of the United States of America, the Deceased, James Mack Allen, suffered

immediate and irreparable injury to his person resulting in the deprivation of his constitutional

rights, privileges and immunities causing his wrongful death.  However, while alive and being

negligently monitored, supervised and treated with deliberate indifference by the Defendant

Deputies of Harrison County and other unknown individuals, the Deceased, James Mack Allen experienced suffering, mental distress and severe emotional anguish.

## COUNT II
## FAILURE TO ADEQUATELY TRAIN AND SUPERVISE DEPUTIES

**26.**     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**27.**     The Defendant, Harrison County, Mississippi, Harrison County Sheriff's Department, Sheriff Melvin Brisolara, the ACA, Dr. Don Cabana, Captain Phil Taylor and Captain Bill Markopoulas, failed to provide adequate and competent training and/or supervision to the Defendant Deputies working in and around the isolation room utilized for suicide watch inmates on or before the date in question. The aforementioned Defendants are (and at the time of James' death were) tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out at the Harrison County Adult Detention Center by the Deputies employed there.

**28.**     As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement and otherwise devise a policy of adequate training and/or supervision for its deputies, the Deceased, James Mack Allen, was deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, the Deputies within the employ of Harrison County, Mississippi, the Harrison County Sheriff's Department and/or Sheriff Melvin Brisolara, would have known that their conduct was negligent and with deliberate indifference on the date in question and James's death and the corresponding deprivation of his civil rights, privileges and immunities would not have happened.

**29.**     Failure to provide adequate training and supervision to the deputies in question was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights,

privileges and immunities of the Deceased, James Mack Allen, and any other person or persons similarly situated.  Thus, because of the failure to adequately train and supervise its Deputies, the aforementioned Defendants are liable for Deceased's death and the deprivation of civil rights associated therewith.

**COUNT III**
**NEGLIGENT HIRING, RETENTION AND**
**FAILURE TO TAKE CORRECTIVE ACTION**

30.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

31.     The Defendants' failure to provide the Deceased, James Mack Allen, with prompt, proper, professional and necessary medical treatment at the time when it was absolutely essential constituted a breach of a non-delegable and/or fiduciary duty owed to the Deceased, James Mack Allen, and other persons similarly situated.  Furthermore, this same duty was further breached when Defendants, Harrison County, Mississippi, the Harrison County Sheriff's Department and Sheriff Melvin Brisolara failed to adhere to the federal court consent decree as it relates to the staffing of the jail and treatment of detainees, especially those suffering from certain mental disabilities.  Part and parcel of the resulting conduct on the date in question was that the Harrison County Adult Detention Center was under staffed and adequate accommodations for persons with documented mental illnesses were not met.

32.     As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the breach of a non-delegable and/or fiduciary duty owed to the Deceased, James Mack Allen, that caused or contributed to his death.  Thus the Plaintiff on behalf of the Estate of James Mack

Allen, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated, through their acts of omission or commission, this breach of a legal duty

## COUNT IV
## WRONGFUL DEATH

33.　　The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

34.　　The Defendants' conduct on the date in question as set forth above resulted in the wrongful death of the Deceased, James Mack Allen.  As a direct and proximate consequence of the negligent conduct of the aforementioned Defendants, both known and unknown, that resulted in the wrongful death of the Deceased, the Defendants are jointly and severally liable to the Plaintiff for James' wrongful death.  Thus the Plaintiff, on behalf of the Estate of the Deceased, James Mack Allen, is entitled to money judgment against the Defendants who contributed to or otherwise facilitated, through their acts of omission and commission, the wrongful death of the Deceased, James Mack Allen.

## COUNT V
## BREACH OF THIRD PARTY BENEFICIARY CONTRACT

35.　　The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

36.　　The Defendant, the American Correctional Association (ACA), entered into a contract with Harrison County, Mississippi, for the purpose of obtaining national accreditation of the Harrison County Adult Detention Facility where the Deceased, James Mack Allen, committed suicide, while under suicide watch and the control and supervision of deputies at the Harrison County Adult Detention Center, on December 24, 2008.  In exchange for a fee or monetary consideration that was duly paid by Harrison County, Mississippi, on behalf of its citizenry

which included the Deceased, the ACA began an accreditation and evaluation process of the

Harrison County Adult Detention Center in an effort to "improve conditions of confinement"

through the establishment of proper training of jail staff, delivery of adequate medical services,

instruction on proper detention techniques, understanding offender activity levels,

implementation of proper, adequate and legal standards, policies, procedures, evaluation, review

and oversight.  The primary goal for obtaining such accreditation was to "impact the life, safety

and health concerns of inmates, as well as staff" of the Harrison County Adult Detention Center.

The Harrison County Adult Detention Center was an ACA accredited facility at the time of

James Mack Allen's death.

37.      The contractual agreement entered into by the ACA and Harrison County, Mississippi,

was specifically entered into for the purpose of improving the "conditions of confinement" of

persons who may be detained at the Harrison County Adult Detention Center and to serve as a

"defense against lawsuits."  The Harrison County Board of Supervisors, acting on behalf of

Harrison County, Mississippi, and the citizens of Harrison County, Mississippi, created a third

party beneficiary contractual relationship between the ACA and the citizens of Harrison County,

Mississippi, i.e., those who may find themselves confined in the Harrison County Adult

Detention Center, those persons employed as such facility and those tax paying citizens whose

taxes may be adversely affected by the successful prosecution of lawsuits for acts that violate

local, state, federal and/or constitutional laws.

38.      The ACA breached its contract with Harrison County, Mississippi, and its third party

beneficiaries, James Mack Allen, and the citizens of Harrison County, Mississippi, when it knew

or reasonably should have known that the Harrison Adult Detention Center was not operating

pursuant to its mandated standards, policies and procedures.  As a direct and proximate

consequence of the ACA's breach of this third party beneficiary contract, James Mack Allen, was not properly monitored and supervised, came into possession of items not allowed for inmates on suicide watch, and ultimately, as a direct negligence and deliberate indifference to identifiable human needs of the staff at the Harrison County Adult Detention Center, ultimately took his own life.  Thus, the Plaintiff, on behalf of the Estate of James Mack Allen, is entitled to a monetary judgment against this Defendant whose breach caused or contributed to or otherwise facilitated the wrongful death of James Mack Allen through its acts of omission and/or commission and/or deception towards Harrison County, Mississippi and its citizenry as the same relates to the accreditation of the Harrison County Adult Detention Center.

**PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff, JOHN DUDNEY, the administrator of the Estate of the Deceased, James Mack Allen, prays that upon the filing of this complaint that this Honorable Court would set this matter for a full and complete trial on the merits and upon completion of the same, enter a judgment granting the following relief:

a.      Enter a judgment in favor of the Plaintiff against the Defendants, jointly and severally for the actual and presumed damages sustained by the Deceased, James Mack Allen, and which survive his demise pursuant to 42 U.S.C. Sections 1983 and 1988, the Fifth, Eighth and Fourteen Amendments to the Constitution of the United States of from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, wrongful death, infliction of emotional distress, mental anguish, pain, suffering, loss of enjoyment of life, medical, funeral and/or burial expenses, loss of society and support and any other injury or claim that may be discovered during the discovery process for which the law

14

holds the Defendants liable and responsible in an amount to be determined by a jury but not less than $50,000,000.00;

b.      A judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for punitive and exemplary damages, for the willful, wanton and negligent conduct and the deliberate indifference to identifiable human needs that resulted in gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the Deceased, James Mack Allen, in an amount to be determined by a jury but not less than $100,000,000.00;

c.      A judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the Plaintiff's reasonable attorney's fees pursuant to 42 U.S.C. Section 1988, all costs of this action, related litigation expenses, and expert fees;

d.      A judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable in the premises.

Respectfully submitted on this the _27th_ day of December, 2011.

JOHN DUDNEY, Administrator of
The Estate of the Deceased, James Mack Allen

BY:      _____
MICHAEL W. CROSBY (MS BAR # 7888)
2111 25TH AVENUE
GULFPORT, MS  39501
TEL:   (228) 865-0313
FAX:   (228) 865-0337
EMAIL:  michaelwcrosby@bellsouth.net